# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WESTERN SURETY COMPANY,** } | |
| } | |
|     **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.: 2:19-cv-01273-MHH** |
| } | |
| **DELISA M. HURST,** } | |
| } | |
|     **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Western Surety Company has filed a motion asking the Court to enter default judgment against defendant Delisa Hurst. (Doc. 12). Western Surety filed this action to enforce Ms. Hurst's alleged contractual obligation to indemnify Western Surety as the guarantor of a bond that Western Surety paid to the Limestone County Probate Court. (Doc. 1). The summons notifying Ms. Hurst of this case was executed on September 3, 2019 and returned to this court on September 6, 2019. (Doc. 5).[1] Ms. Hurst has not responded to the complaint.

---

[1] The return on service indicates that the summons and complaint were served on Christopher Hurst, a person of suitable age and discretion residing in the defendant's usual place of abode. Mr. Hurst's address is given as 2416 Powerly Avenue SW, Birmingham, AL 35241. (Doc. 1, p. 9; Doc. 5).

On October 3, 2019, more than 21 days following the execution of the summons, Western Surety moved for entry of default against Ms. Hurst. (Doc. 8). The Clerk made an entry of default against Ms. Hurst on October 3, 2019. (Doc. 9). On October 21, 2019, Western Surety moved for the entry of a default judgment against Ms. Hurst. (Doc. 12). In support of its motion for default judgment, Western Surety has filed copies of Ms. Hurst's bond application, the probate court orders assessing Ms. Hurst's and Western Surety's liability, and an affidavit describing the damages sought. (Docs. 1-1, 1-2, 1-3, 12-1). Western Surety also has provided documentation to support its claim for damages under the indemnity agreement and a calculation of interest. (Doc. 14-1). For the reasons explained below, the Court grants Western Surety's motion and enters default judgment against Ms. Hurst.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, as in this case, the clerk of court may enter a clerk's default. FED. R. CIV. P. 55(a). Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, a court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. FED. R. CIV. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

"A motion for default judgment is not granted as a matter of right." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted). After a clerk enters a default pursuant to Rule 55(a), a district court must review the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A district court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a sufficient basis exists in the pleadings for the relief sought. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). In addition to the pleadings, a district court may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

## II. FACTUAL ALLEGATIONS

In August 2015, the Probate Court of Limestone County issued Delisa Hurst letters of guardianship and conservatorship over the Estate of Clarence H. McDaniel, Sr., an incapacitated person. (Doc. 1, p. 2). To secure the conservatorship, Ms.

Hurst executed a bond application with Western Surety. (Doc. 1, p. 2). As part of the bond application, Ms. Hurst signed an indemnity agreement in which she agreed "to completely INDEMNIFY the Company from and against any liability, loss, cost, attorneys' fees and expenses whatsoever which the Company shall at any time sustain as surety or by reason of having been surety on this bond . . . or for enforcement of this agreement." (Doc. 1, p. 3). Ms. Hurst agreed to pay interest on any payment that Western Surety made under the bond. (Doc. 1, p. 5).

When Mr. McDaniel died, the probate court conducted an accounting and found that Ms. Hurst had misappropriated, improperly disbursed, or otherwise failed to account for certain estate assets. (Doc. 1-2). On July 15, 2019, the probate court, by amended order, entered judgment against Ms. Hurst and Western Surety in the amount of $324,831.10. (Doc. 1-3, p. 3). Western Surety satisfied the judgment. (Doc. 12-1, p. 5; Doc. 14-1, p. 51). As of July 1, 2019, Western Surety had incurred $22,550.39 in attorneys' fees and costs in the investigation and defense of claims against Ms. Hurst. (Doc. 1, p. 5; Doc. 14-1, pp. 53-55).

### III. DISCUSSION

#### a. Subject Matter Jurisdiction

Before a district court enters a default judgment, the court first must ensure that it has subject matter jurisdiction over the case. *Smarter Every Day, LLC v. Nunez*, 2017 WL 1247500, at *2 (N.D. Ala. Apr. 5, 2017) (citing *Sys. Pipe & Supply,*

*Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)). Western Surety contends that this Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332. (Doc. 1, pp. 1–2).

In its complaint, Western Surety asserts that Ms. Hurst is liable for contractual damages of at least $324,831.10, the amount of the probate court judgment. (Doc. 1, p. 6). Based on this factual allegation, the Court is satisfied that more than $75,000 is in controversy.

As to the requirement of complete diversity between the parties, Western Surety alleges that it is a corporation organized and existing under the laws of South Dakota with its principal place of business in Sioux Falls, South Dakota. (Doc. 1, p. 1). Delisa Hurst is a citizen and domiciliary of Alabama. (Doc. 1, p. 1). After reviewing the complaint, the Court determines that the parties are completely diverse, and the Court therefore has subject matter jurisdiction over this case pursuant to § 1332.

   b. **Personal Jurisdiction**

To enter a valid default judgment, a district court also must determine that it has personal jurisdiction over the defendant. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). Under Rule 4 of the Federal Rules of Civil Procedure, "[s]erving a summons or filing a waiver of service establishes personal

jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(k)(1)(A). Western Surety alleges that Ms. Hurst is a competent, adult citizen of Alabama not a member of the United State military. (Doc. 1, p. 1; Doc. 8-1, p. 2). The record indicates that Western Surety served Christopher Hurst, Ms. Hurst's husband, at her usual place of abode, 2416 Powderly Avenue SW, Birmingham, AL 35241. (Doc. 5, p. 1; Doc. 8-1, p. 2). Therefore, the Court is satisfied that it has personal jurisdiction over the in-state defendant, Ms. Hurst.

### c. Liability for Breach of Contract

Western Surety asserts two theories of recovery—Ms. Hurst's breach of the indemnity agreement and Western Surety's equitable right to exoneration, indemnification, and reimbursement for losses sustained as surety under the bond. (Doc. 1, pp. 6-7). Western Surety has submitted copies of the original bond application, including the signed indemnity agreement. (Doc. 1-1). "A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992). "Alabama applies the traditional doctrine[] of *lex loci contractus* to contract claims . . . . Th[is] doctrine states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Colonial Life & Acc.*

*Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004) (internal quotations omitted). Here, the parties specified that their agreement would "be governed in all respects by the laws of the State of South Dakota . . . ." (Doc. 1-1, p. 2). Therefore, the Court evaluates Western Surety's claim for breach of contract under South Dakota law.

Under South Dakota law, "the elements of a breach of contract are (1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages." *Bowes Construction, Inc. v. South Dakota Dept. of Transp.*, 793 N.W.2d 36, 43 (S.D. 2010). Western Surety supports its allegations of a binding indemnity agreement with Ms. Hurst by attaching a copy of the signed bond application, which includes the indemnity agreement. (Doc. 1-1, p. 2). In exchange for Western Surety posting a $250,000 bond and acting as surety, Ms. Hurst promised to "completely INDEMNIFY the Company from and against any liability, loss, cost, attorneys' fees and expenses whatsoever which the Company shall at any time sustain as surety or by reason of having been surety on this bond." (Doc. 1-1, p. 2; *see also* Doc. 1, p. 3). Additionally, Ms. Hurst promised to "[u]pon demand by the Company for any reason whatsoever, to deposit current funds with the Company in an amount sufficient to satisfy any claim against the Company by reason of such suretyship." (Doc. 1-1, p. 2; *see also* Doc. 1, p. 3).

Western Surety pleaded facts that satisfy the element of breach by alleging that as of the date of the complaint in this matter, Ms. Hurst had failed to indemnify Western Surety. (Doc. 1, p. 6). Western Surety has incurred $324,831.10 in actual damages—the amount of the judgment against Ms. Hurst for misappropriating the assets of Mr. McDaniel's estate, and Western Surety has incurred $22,550.39 for attorneys' fees and expenses. (Doc. 1, p. 5). Thus, the Court finds that Western Surety has adequately pleaded a claim for breach of contract against Ms. Hurst under South Dakota law.[2]

**d. Damages**

Although a defaulted defendant admits well-pleaded allegations of liability, "allegations relating to the amount of damages are not admitted by virtue of default." *PNCEF, LLC v. Hendricks Bldg. Supply, LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010). When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). An evidentiary hearing may be necessary to determine the amount of damages, but if the record is sufficient, a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

---

[2] Because Western Surety is entitled to a default judgment on its breach of contract claim, the Court does not have to evaluate Western Surety's alternative request for equitable relief.

To support its claim for damages, Western Surety has provided the affidavit of Nancy Leibel, a Western Surety claims analyst. Ms. Leibel states that the judgment entered against Ms. Hurst and Western Surety, paid by Western Surety, and now owed by Ms. Hurst under the indemnity agreement, is $324,831.10. (Doc. 14-1, p. 7). In addition, Western Surety seeks $ 22,550.39 in attorney's fees and costs incurred in the investigation and defense of claims against Ms. Hurst. (Doc. 14-1, p. 8). Because the indemnity agreement specifies that Ms. Hurst will completely indemnify Western Surety "from and against any liability, loss, cost, attorneys' fees and expenses whatsoever which the Company shall at any time sustain as surety," Western Surety is entitled to recover the requested damages, attorney's fees, and expenses.

Additionally, Western Surety asserts that as of January 22, 2020, there was unpaid prejudgment interest in the amount of $8,970.68. (Doc. 14, p. 4). The indemnity agreement provides that "[in] the event of any payment" by Western Surety, Ms. Hurst agrees to "pay the Company interest on such amounts at the highest legal rate from the date such payments are made."[3] Thus, Western Surety is entitled to recover $8,970.68 for the interest accrued between the satisfaction of the probate court judgment and January 22, 2020.

---

[3] Western Surety has calculated prejudgment interest according to Alabama law and has applied Alabama's 6 % maximum rate. (Doc. 14, p. 4); Ala. Code § 8-8-1.

## IV. CONCLUSION

Accordingly, the Court grants Western Surety's motion for default judgment against Delisa Hurst. (Doc. 8). Per Western Surety's motion, the Court awards Western Surety $347,381.49 in damages and $8,970.68 in interest. The Court will enter a separate final judgment closing this case.

**DONE** and **ORDERED** this February 4, 202020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE